IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Case No. 20-CR-04027-LTS-KEM |
| vs. | ) ) ) | |
| JERAD COLT BARNES, | ) ) | |
| Defendant. | ) ) | |

## MOTION TO UNSEAL PLEA AGREEMENT

The United States of America files this motion and respectfully requests the Court order the Plea Agreement in the above-entitled matter be unsealed.

In support thereof, the United States states as follows:

1. The defendant, Jerad Colt Barnes pled guilty on September 24, 2020 (Doc. 27) and was sentenced on February 20, 2021 to 156 months in prison. (Doc. 42).

2. The DEA had begun administrative forfeiture proceedings against cryptocurrency seized from Defendant and defendant filed a claim to challenge the administrative forfeiture, indicating the cryptocurrency was not related to his drug trafficking. Upon that claim, the DEA referred the forfeiture proceeding to the United States Attorney's Office for the Northern District of Iowa to commence a civil forfeiture proceeding against the seized property pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981 and 983.

1

3. On September 29, 2020, in this criminal case, the United States filed its exhibits from the plea on September 24, 2020 under seal including the plea agreement between the parties. (Doc. 29).

4. The plea agreement contains a stipulation of facts agreed to by Defendant as well as agreements on Defendant's part not to contest forfeiture of the items sought in the administrative forfeiture of DEA and any other proceeding.

5. The United States, in filing its complaint for forfeiture *in rem*, sets out a series of facts and circumstances in support of its complaint including those stipulated facts and other agreements contained within the plea agreement to provide the basis for the Court' issuance of a Warrant of Arrest *in rem* pursuant to the statutes.

6. Not only in the context of filing the complaint, but also the plea agreement will be material to the assertions made by Defendant that the cryptocurrency is unrelated to his criminal conviction or other drug activities.

7. There is good cause to authorize the unsealing of the plea agreement to the parties and/or attorneys for the parties in the new civil action to forfeit property from Defendant. Defendant's factual statements in the plea agreement may be relevant to, and even admissible in, the newly filed civil action. Fed. R. Evid. 401, 402; *see, e.g.*, *Lowery v. Stovall*, 92 F.3d 219, 224-25 (4th Cir. 1996) (collecting authorities). Further, the plea agreement itself contains no provisions for sealing. *United States v. Faris*, 388 F.3d 452, 461 (4th Cir. 2004); *United States v. Crompton*

*Corp.*, 399 F. Supp. 2d 1047, 1051 (N.D. Cal. 2005).

      8. At this point in the civil proceedings, it appears that Defendant is not represented by counsel as to the issues for which the unsealing is sought, although Defendant Barnes was represented by Timothy Hershberger of the Federal Public Defender's Office. Because this unsealing is intended to allow the civil proceeding to proceed, it is not clear as to whether Mr. Hershberger or any other attorney are representing Defendant Barnes at this time. When Defendant Barnes made his Claim to DEA in the admirative forfeiture matter, Defendant Barnes appeared pro se.

      WHEREFORE, the United States respectfully requests the plea agreement be unsealed.

Respectfully submitted,

SEAN R. BERRY
United States Attorney

By: /s/ Martin J. McLaughlin

_____
MARTIN J. McLAUGHLIN
Assistant United States Attorney
111 – 7th Avenue SE
Cedar Rapids, IA 52401
(319) 363-6333
(319) 363-1990 - fax
Marty.McLaughlin@usdoj.gov